IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00806-KLM

KRAIG W. PERRY,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Exclude the Testimony of Charles Culver and James Slade** [#60][1] (the "Motion"). Plaintiff filed a Response [#64] in partial opposition to the Motion [#60]. Defendant did not file a Reply. The Court has reviewed the Motion [#60], the Response [#64], the entire case file, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#60] is **DENIED in part and DENIED as moot in part**.

### I. Background

This matter involves a negligence claim against Defendant Union Pacific Railroad Company. *See Am. Compl.* [#15] ¶ 24. Plaintiff was employed as a heavy equipment operator by non-party Tri-State Generation & Transmission Association, Inc. ("Tri-State"). *Id.* ¶ 3. On November 30, 2017, Defendant supplied a train of locomotive rail cars loaded

---

[1] "[#60]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

- 1 -

with coal to Tri-State for unloading by Tri-State employees. *Id.* ¶¶ 9, 11. Plaintiff, while working on the locomotive rail cars delivered by Defendant, was injured, and his injury resulted in an above-the-knee amputation. *Id.* ¶ 19. In this litigation, Plaintiff hired two witnesses to testify as experts in train handling and railroad operations, Charles Culver ("Culver") and James Slade ("Slade"). *See Motion* [#60] at 3-4. In the present Motion [#60], Defendant moves to exclude these experts' testimony.

At the outset, the Court notes that the parties' briefs present somewhat of a "moving target" regarding precisely what is at issue here. Defendant's Motion [#60] does not always clearly specify with precision which parts of which opinions it wants excluded, generally referring to deposition transcripts rather than to the experts' reports. Plaintiff's Response [#64] concedes several of Defendant's arguments, but Plaintiff generally refers to the experts' reports rather than to the deposition transcripts cited by Defendant. To compound matters, Defendant did not file a Reply to help clarify precisely what remains at issue in the Motion [#60]. Thus, the parties' briefs inappropriately leave the Court in a position of having to interpret what exactly is sought here, rather than in a position of having to make legal determinations based on clearly presented issues. Nevertheless, as outlined below, the Court has done its utmost to interpret Defendant's requests and Plaintiff's concessions to distill what is at issue here. The Court has narrowly construed Defendant's requests to cover only what is clearly requested and argued. Similarly, the Court has narrowly construed Plaintiff's concessions to include only what has been clearly conceded.

Defendant asks the Court to exclude the following: (1) the testimony and opinion of Mr. Culver in its entirety, *see Motion* [#60] at 12-13; (2) the testimony and opinions of

one or both Mr. Culver and Mr. Slade in their entirety, *see id.* at 15; (3) certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding how distributed power works, *see Motion* [#60] at 10-11 (referencing *Ex. A*, *Depo of Culver* [#60-2] at 59:7-60:6; *Ex. D*, *Depo of Slade* [#60-5] at 50:18-51:8, 53:3-25); (4) certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding Defendant's training of employees on distributed power, *see Motion* [#60] at 11 (referencing *Ex. A*, *Depo of Culver* [#60-2] at 82:18-21; *Ex. D*, *Depo of Slade* [#60-5] at 90:11-25, 109:22-110:2); (5) certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding distributed power's role in causing Plaintiff's injury, *see Motion*, [#60] at 10-11 (referencing *Ex. A*, *Depo of Culver* [#60-2] at 54:12-20, 56:5-19, 57:8-14; *Ex. D*, *Depo of Slade* [#60-5] at 110:6-9); (6) certain testimony from the deposition of Mr. Culver regarding how Plaintiff's actions may or may not have violated Tri-State's employee training, *see Motion* [#60] at 12 (referencing *Ex. A*, *Depo of Culver* [#60-2] at 56:5-14, 61:15-24, 62:1-4); (7) certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding 49 C.F.R. §§ 240.201(d), 240.7, *see Motion* [#60] at 5-8 (referencing *Ex. A*, *Depo. of Culver* [#60-2] at 73:10-14, 74:9-13, 75:9-11; *Ex. D*, *Depo. of Slade* [#60-5] at 72:22-73:14, 82:7-84:20); and (8) certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding Defendant's duty to Tri-State employees, *see Motion*, [#60] at 9 (referencing *Ex. A*, *Depo. Of Culver* [#60-2] at 71:18-22; *Ex. D*, *Depo of Slade* [#60-4] at 73:6-14).

Based on the Court's reading of the Response [#64], Plaintiff agrees to the exclusion in full of the following numbers in the list above: (4), (5), (7), and (8). *See Response* [#64] at 2-3, 5 (stating regarding (4) that "[w]hether . . . an act or failure to act of Plaintiff, Tri-State (including inadequate training) or [Defendant], which, in natural and

probable sequence, produced the claim[ed] injury, [is a] factual resolution[] for the jury"; stating regarding (5) that "Plaintiff agrees that Mr. Culver's and Mr. Slade's opinions regarding distributed power as the cause of Plaintiff's injury is a matter that can be evaluated by a juror"; stating regarding (7) that "Plaintiff withdraws the opinions of Mr. Culver and Mr. Slade regarding the interpretation of 49 C.F.R. § 240.201(d)" and § 240.7; stating regarding (8) that "Plaintiff withdraws the opinions of Mr. Culver and Mr. Slade regarding . . . whether or not Restatement (Second) of Torts imposes on Defendant a duty to inquire if Tri-State [heavy equipment operators] are competent to operate locomotives in distributed power mode").

The Court also finds that Plaintiff provides concessions sufficient to fully satisfy Defendant's request regarding (2) (concerning purported duplicativeness of Mr. Culver's opinion and Mr. Slade's opinion), because Defendant points only to a few instances of duplicative opinions, *see Motion* [#60] at 16, and these all appear to be conceded by Plaintiff elsewhere in connection with other arguments and with the withdrawal of portions of Mr. Culver and Mr. Slade's reports.  *See Response* [#64] at 5.  In light of Defendant's failure to file a Reply contesting that Plaintiff's concessions satisfy the requested exclusions, the Court finds that Defendant's request regarding (2) is resolved.

Plaintiff also appears to agree to the partial exclusion of (6), i.e., certain testimony from the deposition of Mr. Culver regarding how Plaintiff's actions may or may not have violated Tri-State's employee training.  *See Id.* at 3-4.  Regarding (6), Plaintiff concedes that Mr. Culver's opinion should be excluded only to the extent stated in his deposition testimony on page 56, lines 5-14, concerning whether Plaintiff violated his employee

training by stepping between the cars. *Response* [#64] at 3-4 (referencing *Ex. A, Depo of Culver* [#60-2]).

Accordingly, the Court is left to determine whether to exclude, on the merits, the remaining requested exclusions: (1), (3), and portions of (6). The issue under (1) concerns all testimony from Mr. Culver, *see Motion* [#60] at 12-13. The issue under (3) concerns certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding how distributed power works, *see Motion* [#60] at 10-11 (referencing *Ex. A, Depo of Culver* [#60-2] at 59:7-60:6; *Ex. D, Depo of Slade* [#60-5] at 50:18-51:8, 53:3-25). The remaining issue under (6) concerns whether Mr. Culver's opinion regarding whether Plaintiff's attempt to secure the train against further unintended movement was appropriate. *Motion* [#60] at 12 (referencing *Ex. A, Depo of Culver* [#60-2] at 61:15-24, 62:1-4).

## II. Legal Standard

Admission at trial of expert testimony is governed by Fed. R. Evid. 702 and requires a two-step analysis. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). "First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *Id.* (citation omitted). "Second, if the expert is sufficiently qualified, the court must determine whether the opinion is reliable under the principles set forth in *Daubert*." *Id.* (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

The court has a "gatekeeping role" in deciding whether to admit or exclude expert testimony and must determine that the testimony is both reliable and relevant. *Daubert*, 509 U.S. at 589, 597. An opinion is reliable if the reasoning or methodology of the expert

is valid and "can be applied to the facts in issue." *Id.* at 592.  When assessing reliability, "the court may consider several nondispositive factors: (1) whether the proffered theory can [be] and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, *L.P.*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94).  These considerations are not exhaustive. Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of any expert in the relevant field." *Id.*  An opinion is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.*

Ultimately, the determination of whether expert testimony should be admitted is within the sound discretion of the trial court. *Vining v. Enter. Fin. Grp.*, 148 F.3d 1206, 1218 (10th Cir. 1998).  "[T]he rejection of expert testimony is the exception rather than the rule." *O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 922 (D. Colo. 2017) (quoting Fed. R. Evid. 702 advisory committee's note).  "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system. . . . Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.*

While the proponent of the challenged testimony has the burden of establishing admissibility, its proffer is tested against the standard of reliability, not correctness; a

proponent need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied."  *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008) (citing *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

### III.  Analysis

As an initial matter, the Court notes that the qualifications of Mr. Culver and Mr. Slade to testify on the proposed topics have not been questioned.  Accordingly, the Court discusses each of Defendant's remaining arguments, in turn.

### A.     Issue (1): All Testimony from Mr. Culver

Issue (1) concerns a blanket argument that all testimony from Mr. Culver should be excluded.  *See Motion* [#60] at 12-13.  Defendant contends that because Mr. Culver's testimony has been excluded in previous, unrelated cases, it should be excluded here in its entirety.  *Motion* [#60] at 13.  The Court rejects Defendant's argument and will not exclude the testimony at this time.

Defendant cites no legal authority, and the Court is aware of none, that Mr. Culver's testimony here must be excluded simply because his testimony, in whole or in part, has been excluded in other cases on a variety of bases.  Admissibility of testimony is analyzed under the standards set forth and discussed above and is not influenced by other courts' decisions about an expert on unrelated matters.  *Siemers v. BNSF Ry. Co.*, No. 8:17-CV-360, 2018 WL 6421728, at *2 (D. Neb. Dec. 6, 2018) (stating that "there is nothing to suggest that when a [c]ourt determines that an expert is not qualified to opine on *some*

topics in a particular case, that the expert's opinion is inherently unreliable on *every* occasion") (emphasis in original)).

Defendant directs the Court's attention to six cases in which Mr. Culver's testimony was excluded, in whole or in part, claiming the exclusions were for being "unreliable, overreaching, and relating to matters that the jury should properly evaluate." *Motion* [#60] at 13-14 (citing *Purdy v. BNSF Ry. Co.*, No. D-101-CV-2009-02524 (Santa Fe Cnty., First Judicial Dist. 2012); *Chavez v. Kan. City S. Ry. Co.*, NO.2007-CVE-000347-D4 (Webb Cnty., 406th Judicial Dist., filed Dec. 8, 2009); *Jungert v. Union Pac. R.R. Co.*, No. CV-05-480-S-BLW, 2007 WL 576477 (D. Idaho Feb. 21, 2007); *Thielen v. BNSF Ry.*, 158 P.3d 997 (Table), 2017 WL 1597808 (Kan. Ct. App. June 1, 2007); *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830 (9th Cir. 2001); *Houghton v. Port Terminal R.R. Ass'n*, 999 S.W.2d 39 (Tex. App. 1999)).[2] Defendant argues that the exclusions of Mr. Culver's testimony in the six cases "on similar grounds to those at issue here" is an appropriate basis for exclusion. *Id.* at 13. However, the six cited cases are factually distinct from the present case and have no bearing on Mr. Culver's reliability to opine on the present matter.

Accordingly, in the absence of any more specific argument on this point, the Motion [#60] is **denied** to the extent that Defendant asks the Court to exclude (1) all testimony from Mr. Culver.

## B. Issue (3): How Distributed Power Works

Issue (3) concerns certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding how distributed power works. *See Motion* [#60] at 10-11 (referencing

---

[2] Defendant attached copies of the *Purdy*, *Chavez*, *Jungert*, and *Thielen* orders to the Motion [#60] for the Court's review. *See Exs. I, J, K, L, M* [#60-10, #60-11, #60-12, #60-13, #60-14, #60-15].

*Ex. A*, *Depo of Culver* [#60-2] at 59:7-60:6; *Ex. D*, *Depo of Slade* [#60-5] at 50:18-51:8, 53:3-25). Defendant contends that lay jurors "do not need an expert to explain how distributed power works, they only need to understand that when distributive power is linked, if the controlling locomotive moves, the linked locomotives mirror its movement, and if they are unlinked, the controlling locomotive does not control any other locomotives." *Motion* [#60] at 11. Plaintiff disagrees, arguing that "distributed power is 'complicated'" and it "requires expert testimony to educate the jury[.]" *Response* [#64] at 3. As explained below, the Court rejects Defendant's argument and will not exclude this testimony at this time.

The 'touchstone' of admissibility of expert testimony is its helpfulness to the trier of fact. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991). As a preliminary matter, whether an expert's testimony is "helpful" depends, in part, on whether that testimony is relevant, i.e., whether it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. If an expert's proffered testimony is relevant, then the "helpfulness" requirement is satisfied "where expert testimony advances the trier of fact's understanding to any degree." *United States v. Archuleta*, 737 F.3d 1287, 1297 (10th Cir. 2013). Therefore, expert testimony is admissible if "there is any chance at all that it will be beneficial to the trier of fact." *SGS Acquisition Co. Ltd. v. Linsley*, No. 16-cv-02486-CMA-KLM, 2019 WL 10529743, at *2 (D. Colo. Sept. 3, 2019). Additionally, "the jury is intelligent enough to decipher the helpful from what is unhelpful in its deliberations." *Murphy-Sims v. Owners Ins. Co.*, No. 16-cv-0759-CMA-MLC, 2018 WL 8838811, at *4 (D. Colo. Feb. 27, 2018) (citing *United States v. Gutierrez de Lopez*, 761

F.3d 1123, 1136 (10th Cir. 2014)).  "Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong facts such as time or surprise favoring exclusions."  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1083 (D. Colo. 2006) (quoting *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994)).

In *United States v. Executive Recycling, Inc.*, No. 11-cr-00376-WJM, 2012 WL 5989447, at *2 (D. Colo. Nov. 30, 2012), the court allowed testimony from the plaintiff's expert regarding the Federal and State regulatory scheme governing hazardous waste.[3]  In that case, the court allowed the witness to explain the complex environmental regulations governing hazardous waste, because the court found "that a generalized discussion of the regulatory scheme provides background for the case that is likely to assist the jury[.]"  *Id.*

Here, Plaintiff's proffered testimony seeks to explain the functionality of a train operating under distributed power, providing background for the case which will likely assist the jury.  Because this background information may assist the jury to some degree, like the testimony at issue in *Executive Recycling*, the Court finds that the relevancy standards are satisfied.

Accordingly, the Motion [#60] is **denied** to the extent that Defendant asks the Court to exclude (3) certain testimony from the depositions of both Mr. Culver and Mr. Slade regarding how distributed power works.[4]

---

[3]  Both criminal and civil cases utilize Fed. R. Evid. 702 to govern admissibility of expert testimony. *See, e.g.*, *Executive Recycling*, 2012 WL 5989447, at *1-2; *Crabbe*, 556 F. Supp. 2d at 1220-22; *United States v. Rubio-Sepulveda*, No. 14-cr-001440-CMA, 2017 WL 11454729, at *1-2 (D. Colo. Aug. 10, 2017).

[4] To be clear, the Motion [#60] is denied to the extent that the Court finds that Mr. Culver may offer testimony at trial on this topic.  However, any relevancy or other objections regarding the

**C.     Issue (6): Mr. Culver's Opinion on the Appropriateness of Plaintiff's Actions**

Issue (6) concerns Mr. Culver's opinion regarding whether Plaintiff's attempt to secure the train against further unintended movement was appropriate. *Motion* [#60] at 12 (referencing *Ex. A, Depo of Culver* [#60-2] at 61:15-24, 62:1-4). Defendant contends that Mr. Culver ignores testimony from other parties and formed his opinion in opposition to other witness testimony, specifically Plaintiff's own employer, Tri-State. *Motion* [#60] at 10. Plaintiff argues that Mr. Culver properly based his opinion on his years of education, training, and experience in the railroad industry. *Response* [#64] at 4. As explained below, the Court rejects Defendant's argument and will not exclude this testimony at this time.

An expert's opinion must be based on facts which enable him to "express a reasonably accurate conclusion as opposed to conjecture or speculation." *Beck's Office Furniture & Supplies*, *Inc. v. Haworth*, *Inc.*, No. 95-4018, 1996 WL 466673, at *7 (10th Cir. Aug. 16, 1996). However, "absolute certainty is not required." *Id.* To satisfy the Court that the expert evidence is admissible, the proponent of the evidence "need not prove that the expert is [indisputably] correct or that the expert's theory is 'generally accepted' in the scientific community." *Goebel v. Denver & Rio Grande Western R.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Mitchell v. Gencorp*, *Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)). Instead, the proponent "must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts that satisfy Rule 702's reliability requirements." *Id.*

---

*scope* of the testimony may be addressed at trial. In other words, the Court does not determine at this time whether *all* testimony on this "complicated" topic is relevant for purposes of trial, merely that at least *some* expert testimony on this topic may be helpful to the jury. *Response* [#64] at 3.

In *Belisle v. BNSF Railway Co.*, 697 F. Supp. 2d 1233, 1248 (D. Kan. 2010), the defendant sought to exclude evidence from the plaintiff's expert on the railroad industry because of purportedly improper methods used to form his opinion. The expert in that case had a background that included "45 years of experience in the railroad industry" in addition to being employed as a consultant for railroad safety and operations. *Belisle*, 697 F.Supp.2d at 1248. The defendant claimed that the opinion was not based on a scientific or specialized nature, and therefore would not assist the jury. *Id.* Notably, the defendant claimed that, in forming his opinion, the expert rejected the testimony of certain other witnesses, which "impermissibly invades [the] province of the jury." *Id.* at 1249. The plaintiff claimed that "railroad dispatching and operations are highly specialized and are not within the common knowledge of lay people, noting that such operations are governed by numerous rules and regulations concerning employee conduct[.]" *Id.* at 1248. The court concluded that the expert was "limited to expressing his opinion, based on his *assumptions* . . . as to how the dispatcher's actions, or lack thereof, were not in conformance with railroad procedures." *Id.* at 1249 (emphasis in original). Further, the court stated the expert "may then provide his opinion on how such [practices] should take place under [standard operating procedures]." *Id.*

Here, Defendant's request to exclude this portion of Mr. Culver's testimony shares many characteristics of the request in *Belisle*. Both requests were premised on the experts overlooking opposing testimony and forming opinions not based on a scientific or specialized nature. Mr. Culver's testimony on the appropriateness of Plaintiff's actions need not be indisputable, it only must be based on a proper foundation of fact and reason sufficient to satisfy Rule 702. The *Belisle* court determined that the expert's credentials

of 45 years in the railroad industry in addition to working as a consultant for railroad safety and operations qualified him to state his opinion on whether or not a party acted in accordance with standard operating procedures.  *Belisle*, 697 F.2d at 1248.  Here, Mr. Culver is certified as a locomotive engineer and freight conductor, is qualified as an instructor of Operating Rules, Safety Rules, and Air Brake and Train Handling Rules, while also working as a consultant for railroads.  *Ex. C*, *Report of Culver* [#60-4] at 1.  His opinion regarding whether Plaintiff's actions were appropriate may not be indisputable, but Defendant has not shown that the opinion is not properly based on Mr. Culver's training, education, and professional history in the railroad industry.  Concluding similarly to the *Belisle* court, the Court finds that Mr. Culver's testimony regarding whether Plaintiff's actions were appropriate is allowed, because his opinion expresses whether Plaintiff's actions were in conformance with standard operating procedures and was properly formed based on his experience in the railroad industry.

Accordingly, the Motion [#60] is **denied** to the extent that Defendant asks the Court to exclude (6) Mr. Culver's opinion regarding whether Plaintiff's attempt to secure the train against further unintended movement was appropriate.

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#60] is **DENIED in part and DENIED as moot in part**.  The Motion is **denied** with respect to issues (1), (3), and the portions of issue (6) regarding Mr. Culver's deposition testimony on page 61, lines 15-24, and page 62, lines 1-4, concerning Mr. Culver's opinion regarding whether Plaintiff's actions were appropriate.  Based on the parties' agreements, the Motion is **denied as moot** with

respect to issues (2), (4), (5), (7), (8), and the portion of (6) regarding Mr. Culver's deposition testimony on page 56, lines 5-14, concerning whether Plaintiff violated his employee training by stepping between the cars.

Dated: October 27, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge