IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00806-KLM

KRAIG W. PERRY,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Motion for Determination as a Matter of Law That Defendant's Duty Under 49 C.F.R. § 240 Is Nondelegable** [#81][1] (the "Motion"). Defendant filed a Response [#92] in opposition to the Motion [#81], and Plaintiff filed a Reply [#93]. The Court has reviewed the Motion [#81], the Response [#92], the Reply [#93], the entire case file, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#81] is **DENIED**.

**I.  Background**

This matter involves a negligence claim against Defendant Union Pacific Railroad Company. *See Am. Compl.* [#15] ¶ 24. Plaintiff was employed as a heavy equipment operator by non-party Tri-State Generation & Transmission Association, Inc. ("Tri-State").

---

[1] "[#81]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

*Id.* ¶ 3. On November 30, 2017, Defendant supplied a train of locomotive rail cars loaded with coal to Tri-State for unloading by Tri-State employees. *Id.* ¶¶ 9, 11. Plaintiff, while working on the locomotive rail cars delivered by Defendant, was injured, and his injury resulted in an above-the-knee amputation. *Id.* ¶ 19. In its Order adjudicating the Motions for Summary Judgment [#57, #59], the Court held that, "as a matter of law, . . . pursuant to 49 C.F.R. § 240, Defendant had a duty to ensure that its leased equipment was operated only by qualified locomotive engineers." *Order* [#78] at 29. In the present Motion [#81], Plaintiff asks the Court to further hold that this duty was nondelegable by Defendant to Tri-State.

## II.  Analysis

Defendant first argues that Plaintiff's Motion [#81] is untimely and should have been asserted by the dispositive motions deadline. *Response* [#92] at 2. Plaintiff argues that "[i]t is the Court's Order that prompts this Motion." *Motion* [#81] at 2. In other words, Plaintiff appears to argue here that he could not previously argue that the duty was nondelegable until the Court first issued a ruling as to whether the duty applied here at all. This argument is specious. Nothing precluded Plaintiff from appropriately arguing in its Partial Motion for Summary Judgment [#57] that the Court should find a duty *and* that the duty was nondelegable. Nevertheless, as discussed below, the Court finds that the Motion [#81] should be denied on the merits, and accordingly makes no ruling on the timeliness of the Motion [#81].

The Federal Railroad Administration's regulation 49 C.F.R. § 240 generally concerns "Qualifications and Certification of Locomotive Engineers."[2] The "[p]urpose and

---

[2] This regulation was recently amended, effective January 14, 2021. The Court cites to the version of the regulation in effect at the time of the events underlying this lawsuit.

scope" of this regulation is as follows: "(a) The purpose of this part is to ensure that only qualified persons operate a locomotive or train. (b) This part prescribes minimum Federal safety standards for the eligibility, training, testing, certification and monitoring of all locomotive engineers to whom it applies. (c) The qualifications for locomotive engineers prescribed in this part are pertinent to any person who operates a locomotive . . . ."  49 C.F.R. § 240.1.

Plaintiff cites no binding case law or even persuasive authority regarding whether any duty under this *specific* regulation is nondelegable.  See [#81, #81-1, #93].  The Tenth Circuit Court of Appeals has provided little guidance regarding if or when a duty is nondelegable in a given context under federal law.  See, e.g., *Twiford v. Corr. Health Partners, LLC*, No. 19-cv-03587-RBJ, 2020 WL 3000960, at *6 (D. Colo. June 4, 2020) ("[t]he nondelegable doctrine has not yet been addressed by the Tenth Circuit . . . .").  In Colorado, "[t]he core principle behind all nondelegable duties is that the responsibility is so important to the community that the employer should not be permitted to transfer it to another."  *Spring v. City and County of Denver*, 13 P.3d 794, 804 (Colo. 2000) (internal quotation marks omitted).  For example, "a landlord has a nondelegable duty to keep the premises in a reasonably safe condition for the benefit of tenants," and "[a] landowner may not delegate to an independent contractor the obligation to exercise reasonable care to protect invitees and licensees against dangers within the scope of the [premises liability] statute."  *Id.*

The legal authority Plaintiff provides is not persuasive to the Court that the duty here is nondelegable.  Nearly all of the cases cited by Plaintiff concern whether the government may delegate certain duties to private entities, the landlord-tenant

relationship, or the employer-employee relationship, all of which are unlike this case which involves whether one private entity may delegate a duty to another private entity on the latter's private property.

First, Plaintiff cites *Estate of Lovern v. Correct Care Solutions, LLC*, No. 18-cv-02573-KLM, 2019 WL 2903589 (D. Colo. July 3, 2019), *McGill v. Correctional Healthcare Companies, Inc.*, No. 13-cv-01080-RBJ-BNB, 2014 WL 5423271 (D. Colo. Oct. 24, 2014), and *West v. Atkins*, 487 U.S. 42 (1988), all of which concern the constitutional right of inmates to adequate medical care. *Motion* [#81-1] at 4-5; *Reply* [#93] at 3. "[T]he State cannot by choosing to delegate its constitutional duties to the professional judgment of others, thereby avoid all liability flowing from the attempted fulfilment of those duties under Section 1983." *Melnick v. Raemisch*, No. 19-cv-00154-CMA-KLM, 2021 WL 4133919, at *12 (D. Colo. Sept. 10, 2021) (citation omitted). The Court cannot find that these cases, which involve the delegation of the government's duty to ensure that constitutional rights are not violated in the context of medical care for inmates, are sufficiently analogous to show that Defendant's duty here was nondelegable.

Second, Plaintiff cites *Springer v. City and County of Denver*, 13 P.3d 794 (Colo. 2000), *Reid v. Berkowitz*, 315 P.3d 185, 192 (Colo. App. 2013), *Jules v. Embassy Properties, Inc.*, 905 P.2d 13 (Colo. App. 1995), and *Kidwell v. K-Mart Corp.*, 942 P.2d 1280 (Colo. App. 1996), all of which address Colorado's premises liability statute, Colo. Rev. Stat. § 13—21—115, which concerns landlords and tenants. Plaintiff cites other premises liability cases from other states as well here, including *Wilson v. University Mansion Limited Partnership*, No. 17-CV-217-GKF-JFJ, 2018 WL 10128068 (N.D. Okla. Mar. 29, 2018), *Rodriguez v. Kroger Co.*, 422 P.3d 815, 818 (Utah Sup. Ct. 2018), and

*Sola v. Wal-Mart Stores, Inc.*, 100 A.3d 864 (Conn. App. 2014).  The core principle in these cases appears to be that "[a] landowner may not delegate to an independent contractor the obligation to exercise reasonable care to protect invitees and licensees against dangers within the scope of the [premises liability] statute." *Springer*, 13 P.3d at 804.  Here, the issue does not concern Defendant's real property; rather, the issue is the use of Defendant's personal property, i.e., its locomotives, on *another's* real property, i.e., Tri-State's real property.  The reasoning behind the premises liability statutes simply does not transfer to these circumstances.[3]

In a similar vein to the premises liability cases, the Sixth Circuit in *Marr v. Rife*, 503 F.2d 735, 741 (6th Cir. 1974), held that "[t]he discriminatory conduct of an apartment manager or rental agent is, as a general rule, attributable to the owner and property manager of the apartment complex, . . . because the duty to obey the law is non-delegable."  Again, this case concerns the obligation of a real property owner to ensure that the law is followed on his own property.  The reasoning behind the Sixth Circuit's holding is therefore distinguishable from the present case.  Further, the Restatement (Second) of Torts, § 419, Comment c ("If the lessor is under a statutory or contractual duty to repair, he is subject to liability not only for harm caused by the careless or unskillful workmanship which the contractor bestows upon the repairs which he makes but also for harm caused by the contractor's failure to make any repairs or his delay in setting about the work of repairing."), involves the duties of a lessor of land, and is therefore inapplicable here.

---

[3] Relatedly, the Colorado Jury Instructions—Civil 9:24, Notes on Use ¶ 5, discusses that jury instructions relating to the nondelegable duty doctrine may be given when appropriate, but the Note cites only (as is relevant here) to *Reid*, *Kidwell*, and *Springer*, and therefore provides no additional legal authority for the use of the doctrine in the context of the present case.

Plaintiff also cites *Brown v. CSX Transportation, Inc.*, 363 F. Supp. 2d 1342, 1344 (M.D. Fla. 2005), where the court held that an employer had a nondelegable duty under the Federal Employers' Liability Act to furnish its employees with a reasonably safe place to work, and, thus, an employee could prevail on his claim against his employer even if only third parties were actually negligent. That case, and that statute, concern the employer-employee relationship, which is inapplicable here.

Next, Plaintiff cites *Baer v. United States*, 150 Fed Cl. 761 (2020), for the proposition that the nondelegable duty doctrine has been applied to taxpayers. The Court there held that a taxpayer has a nondelegable duty to adhere to filing deadlines. *Baer*, 150 Fed. Cl. at 766-67. The United States Court of Federal Claims provided no general discussion of the nondelegable duty doctrine which could be interpreted to apply outside of the specific context of taxpayer duties. Thus, *Baer* is distinguishable from the present case.

In *Bear Medicine v. United States*, 192 F. Supp. 2d 1053, 1066 (D. Mont. 2002), the District of Montana noted that, under Montana law, "an employer is vicariously liable for injuries to others caused by a subcontractor's failure to take precautions to reduce the unreasonable risks associated with engaging in an inherently dangerous activity," and that Montana "imposes a non-delegable duty upon project owners to ensure that contractors performing inherently dangerous work employ proper safety precautions." In its Order [#78] on the parties' cross-motions for summary judgment, the Court held that there are issues of fact which must be resolved by a jury in order to determine whether locomotives powered by distributed power are inherently dangerous. *See Order* [#78] at 26. As reflected by the Court's holding in *Ber* Medicine, a finding that an activity is

inherently dangerous must precede a determination of whether a duty relating to the activity is delegable or not.  Without a determination of the dangerousness issue first, the Court cannot determine whether Defendant had a nondelegable duty here.

Finally, in *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 180 (3d Cir. 2013), the Third Circuit held that "railroads are ultimately responsible for compliance" to "ensure that their trains are travelling within the [speed] limit."  As Defendant points out, this statement was made in the context of deciding whether the plaintiff's claims were preempted and in determining when a federal standard of care had been established.  *See Reply* [#92] at 3.  The case generally concerned public safety, not the safety of individuals employed on private property, i.e., here, the training standards of employees of a non-railroad third-party.  Any relationship here is simply too tenuous for the Court to broadly determine that Defendant's duty under 49 C.F.R. § 240 is nondelegable as a matter of law.

Thus, for the reasons stated above, the Court finds that the legal authority Plaintiff provides is not persuasive that the duty at issue here is nondelegable.  The Court itself has also found no legal authority, binding or persuasive, that Defendant's duty here was nondelegable as a matter of law based on the present posture of this case.  Thus, the Motion [#81] must be **denied**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#81] is **DENIED** to the extent that Plaintiff asks the Court to hold that Defendant's duty under 49 C.F.R. § 240 is nondelegable as a matter of law.

- 8 -

Dated:  January 11, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge